IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHARINE UHRICH, <br><br> PLAINTIFF, <br><br> v. <br><br> TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, <br><br> DEFENDANT. | Case No. **23-cv-6408** <br><br> Hon. **Thomas M. Durkin** |

JOINT MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), Plaintiff Katharine Uhrich ("Plaintiff") and Defendant Teachers Insurance and Annuity Association of America ("TIAA") (together, the "Parties") hereby file this Joint Motion to Transfer Venue to the United States District Court for the Southern District of New York. In support of their Motion, the Parties jointly state as follows:

1. Plaintiff filed this action in the U.S. District Court for the Northern District of Illinois on August 29, 2023, asserting claims related to TIAA's alleged failure to secure Plaintiff's and putative class members' personally identifiable information, resulting in a data security incident.

2. Multiple class actions were recently consolidated in the United States District Court for the Southern District of New York under the caption *Jentz v. Teachers Insurance and Annuity Association of America*, No. 23-cv-6944 (S.D.N.Y.). These consolidated actions arise from the same data incident and allege legal issues that are substantially similar to those raised in this action against TIAA. Moreover, the putative class definitions in the various matters overlap.

3. After Plaintiff filed this action, Defendant's counsel reached out to Plaintiff's counsel to inform them about the other pending actions in the Southern District of New York. Plaintiff's counsel additionally discussed the matter with counsel for Plaintiff in *Jentz*. Based on the current procedural posture of these cases, Plaintiff agreed that transfer and consolidation with the other putative class actions would be reasonable and save time and resources for all parties.

4. Counsel for the Parties have conferred and agree that, under the circumstances, transfer of this action to the Southern District of New York is appropriate, in the interests of justice, and will promote the convenience of the Parties and witnesses. *See* 28 U.S.C. § 1404(a) (providing that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties consented"). This matter could have been filed in the Southern District of New York as defendant TIAA is based and maintains its principal place of business in that district. In addition, all Parties to the action consent to its transfer.

5. While the Parties in this case have consented to transfer, even without consent, courts assess whether transfer serves the convenience of parties and witnesses and promotes the interests of justice by examining the private and public interests that are at stake. *Nalco Co. v. Env't Mgmt. Inc.*, 694 F. Supp. 2d 994, 998 (N.D. Ill. 2010).

6. The private interests factors include "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; [and] (5) the convenience to the parties of litigating in the respective forums." *Sassy, Inc. v. Berry*, 406 F. Supp. 2d 874, 876 (N.D. Ill. 2005).

7. The "(1) congestions of the respective court dockets; (2) prospects for a speedy trial; and (3) courts' familiarity with the applicable law" are all factors in assessing the interest of

2

justice. *Sunrise Bidders, Inc. v. GoDaddy Grp., Inc.*, No. 09 C 2123, 2011 WL 1357516, at *1 (N.D. Ill. Apr. 11, 2011) (quoting *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir.1986)).

8. Courts often find that transfer is warranted in the interests of justice when, as here, multiple actions seek to certify nationwide classes based on common factual and legal issues are filed in different districts. *See, e.g., Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 915-16 (N.D. Ill. 2009) (granting transfer in the interests of justice, finding that the parties claims were "so similar that it would be wasteful and duplicative to have two different courts familiarize themselves with the controversy"); *George & Co., LLC v. Target Corp.*, No. 20C6219, 2021 WL 2948910, at *5 (N.D. Ill. Jul. 14, 2021) (granting transfer to district where multiple actions involving similar claims were pending, "[g]iven the overlap in factual and legal issues between each of the related actions, it is unnecessary to waste time, energy, and money resolving them in two different districts"); *see also Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1064 (N.D. Ill. 2015) (listing potential judicial efficiencies that transfer creates, noting that "[w]hile granting the motion to transfer enables these efficiencies, denying the motion forecloses them and further creates the prospect of inconsistent rulings on discovery and dispositive motions").

WHEREFORE, under 28 U.S.C. § 1404(a), the Parties respectfully request that the Court transfer this action to the Southern District of New York.

| | |
|---|---|
| s/ *Bryan Paul Thompson* | /s/ *Scott T. Sakiyama* |
| Bryan Paul Thompson | Scott T. Sakiyama |
| CHICAGO CONSUMER LAW CENTER, P.C. | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 650 Warrenville Road, Suite 100 | 353 N. Clark St, Suite 3600 |
| Lisle, IL 60532 | Chicago, IL 60654 |
| Tel. 312-858-3239 | Tel: (312) 924-9893 |
| Fax 312-610-5646 | ssakiyama@orrick.com |
| bryan.thompson@cclc-law.com | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |